**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 06-1461

BERT J. ALLEN, III,

Plaintiff, Appellant,

v.

YORK COUNTY JAIL, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE
[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Torruella, Lynch and Lipez,
Circuit Judges.

---

Bert J. Allen, III on brief pro se.
Michael J. Schmidt and Wheeler & Arey, P.A., on brief for
appellees.

---

January 23, 2007

---

**Per Curiam**. Bert J. Allen, III, pro se, appeals from the district court's entry of judgment as a matter of law under Fed. R. Civ. P. 50(a) in favor of defendant Tammy Legnard and the jury verdict entered in favor of defendant Daniel Dubois in this civil rights action. Allen's claims arose from injuries he suffered at the hands of other inmates while he was confined at the York County Jail in Sanford, Maine, as a pretrial detainee; specifically, Allen asserted that he was sexually assaulted by two inmates at the behest of defendant Dubois, and that on another occasion he was injured when inmates pelted him with rocks during a prison evacuation in August 2000. Allen claimed that these injuries were the result of the deliberate indifference of defendants, both corrections officers at the prison, to his health and safety, in violation of his Fourteenth Amendment Due Process rights as a pretrial detainee.

On appeal, Allen first argues that the district court erred in granting defendant Legnard's motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). To the extent Allen challenges the timing of the motion or the ruling on the motion, his argument is baseless; Rule 50(a) expressly authorizes the procedure that was followed. Allen's challenge to the substance of the ruling is also unavailing. Although the evidence showed that Legnard put Allen in a cell with inmates who had sexually assaulted him a few days after the assault occurred, she testified that she

was unaware that the assault had occurred and that she removed Allen from the holding cell as soon as he requested it. Allen does not cite any evidence to refute that testimony, and he does not allege that he suffered any injury as a result of the post-assault confinement. Allen also fails to cite any evidence that would refute Legnard's testimony that she was not present at the prison during the rock-throwing incident. Since the focus of a deliberate indifference claim is what the officers knew and what they did in response to a known risk, Burrell v. Hampshire County, 307 F.3d 1, 8 (1st Cir. 2002), see Farmer v. Brennan, 511 U.S. 825, 845 (1994), the district court's grant of Legnard's motion for judgment as a matter of law was proper.

Allen next argues that the district court erred in permitting defendants to introduce a redacted version of a videotaped deposition of an unavailable witness at trial. Since it appears that the redacted content was limited to material properly ruled inadmissible by the trial court, however, the district court's ruling was not in error.

Allen also asserts that the district court erred in instructing the jury to apply the standard of deliberate indifference applicable to claims brought by convicted inmates under the Eighth Amendment; he suggests that a different standard should have been applied because, as he was a pretrial detainee, his claims were brought under the Fourth Amendment. However, we

have made clear that the Eighth Amendment standard is to be applied to deliberate indifference claims brought by pretrial detainees. See Burrell, 307 F.3d at 7.  Allen's assignment of error is therefore unfounded.

We have carefully considered Allen's remaining issues and find them to be without merit.

Affirmed.  See 1st Cir. Loc. R. 27.0(c).